IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| Aarin John Nygaard, | |
|---|---|
| Plaintiff, | Civil No: |
| v. | **COMPLAINT** |
| Tricia Bernice Taylor, | |
| Defendant. | |

**COMES NOW**, the Plaintiff Aarin John Nygaard, by and through the undersigned attorney, and for his cause of action against the Defendant, Tricia Bernice Taylor, alleges and states to this Court as follows:

I.

At all times material herein, Plaintiff Aarin John Nygaard ("Aarin" or "Plaintiff") and Defendant, Tricia Bernice Taylor, ("Tricia" or "Defendant"), were citizens of the United States of America. Aarin is a resident of Cass County, North Dakota, and has been for more than six months preceding the commencement of this action. Tricia is believed to be residing with her mother in Brookings, South Dakota.

II.

The Plaintiff and Defendant were never married, but did have a relationship. As a result of this relationship, one (1) minor child was born to the parties, namely C.S.N. born xx/xx/2013.

III.

Tricia is the natural mother of the minor child C.S.N.

EXHIBIT 1

IV.

Aarin is the natural father of the minor child C.S.N. Plaintiff's paternity has been established through an Acknowledgement of Paternity signed at the time of the minor child's birth, pursuant to N.D.C.C. § 14-20-07(2)(b).

V.

Aarin is the fit and proper person to have primary residential responsibility of the parties' minor child, and it would be in the best interests of C.S.N. to be in the primary residential responsibility and care of Aarin with joint decision making responsibility for Aarin and Tricia.

VI.

Tricia should be required to pay to Aarin child support for the care and benefit of the minor child C.S.N. in a monthly amount, consistent with Tricia's current income and the North Dakota Child Support Guidelines.

VII.

Tricia should be entitled to reasonable parenting time with C.S.N. and should be responsible for the cost and effort of transportation for such parenting time.

VIII.

Pursuant to N.D. Cent. Code § 14-09-08.10, the Defendant should be required to provide satisfactory health insurance coverage for the parties' minor child whenever that coverage is available to her at a reasonable cost or becomes available at reasonable cost. The Plaintiff should be required to provide satisfactory health insurance for the parties' minor child whenever that coverage is available to him at no or nominal cost.

IX.

The Defendant should be responsible for 50% and the Plaintiff should be responsible for 50% of all non-covered health care costs, including but not limited to, any dental, orthodontic, prescription, health or optical care required for the parties' minor child.

X.

Aarin shall be entitled to claim the parties' minor child, C.S.N. as a dependent for all state and federal income tax purposes commencing with the year of 2014, and for each and every following year for as long as the exemption is available.

**WHEREFORE**, the Plaintiff Aarin John Nygaard prays for Judgment against the Defendant Tricia Bernice Taylor as follows:

1. That the parties be awarded joint decision making responsibility and that Aarin be awarded primary residential responsibility of the parties' minor child C.S.N. born in 2013, subject to the reasonable parenting time of Tricia;

2. That Tricia should be required to pay to Aarin child support for the care and benefit of the minor child J.N.S. in a monthly amount, consistent with Tricia's current income and the North Dakota Child Support Guidelines;

3. That Tricia be required to provide satisfactory health insurance coverage for C.S.N. whenever that coverage is available to her at a reasonable cost or becomes available at reasonable cost, and that Aarin be required to provide satisfactory health insurance for C.S.N. whenever that coverage is available to him at no or nominal cost;

4. That Aarin be responsible for 50% and Tricia be responsible for 50% of all non-covered health care costs for C.S.N. including but not limited to, any dental, orthodontic, prescription, health or optical care;

5. That Tricia be responsible for the cost and effort of transportation for parenting time with C.S.N.;

6. That Aarin be entitled to claim C.S.N. as a dependent for all state and federal income tax purposes commencing with the year of 2014, and for each and every following year for as long as the exemption is available; and

7. For such other and further relief as this Court deems just and equitable.

Dated this 28th day of March, 2014.

KENNELLY O'KEEFFE, LTD.

*[signature]*

TRACY J. LYSON (ND #06138)
720 Main Avenue
P.O. Box 2105
Fargo, ND 58107-2105
Phone: (701) 235-8000
Fax: (701) 235-8023
Attorneys for Plaintiff
tjl@kennellylaw.com