UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| AARIN NYGAARD, and TERRANCE STANLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>TRICIA TAYLOR, TED TAYLOR, JR., JESSICA DUCHENEAUX, ED DUCHENEAUX, CHEYENNE RIVER SIOUX TRIBAL COURT, BRENDA CLAYMORE, IN HER OFFICIAL CAPACITY AS CHIEF JUDGE, CHEYENNE RIVER SIOUX TRIBAL COURT OF APPEALS; FRANK POMMERSHEIM, IN HIS OFFICIAL CAPACITY AS CHIEF JUSTICE; THE SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES, TODD WALDO, IN HIS OFFICIAL CAPACITY AS SOCIAL WORKER; and JENNY FARLEE, IN HER OFFICAL CAPACITY AS SOCIAL WORKER,<br><br>Defendants. | 3:19-CV-03016-RAL<br><br><br>ORDER DIRECTING SERVICE OF SUMMONS BY PUBLICATION UPON TRICIA TAYLOR |

Plaintiffs Aarin Nygaard and Terrence Stanley filed an application with this Court requesting an order directing service of summons by publication upon Tricia Taylor as well as an affidavit in support thereof. Docs. 32, 33. This Court had previously granted the plaintiffs' request to order service by the United States Marshal Service upon certain respondents, including Tricia Taylor. The United States Marshal Service was able to successfully serve certain other defendants in this case, but they were unable to locate and serve Tricia Taylor despite diligent efforts. The

1

United States Marshal Service separately reported to the undersigned that Tricia Taylor appears to be transient on the Cheyenne River Sioux Indian Reservation, and currently is not listed among inmates in South Dakota or North Dakota state custody. The plaintiffs now seek to serve Tricia Taylor by publication in the West River Eagle, a weekly newspaper published in Eagle Butte, South Dakota, by running the summons for four consecutive weeks.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in any manner allowed by the law of the state where the district court is located or where service is made. Therefore, South Dakota law governs service of process in this Court. Under South Dakota law, "[a] summons . . . may be served by publication . . . [w]here the person on whom the service of the summons . . . cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court." SDCL § 15-9-7. For a party to establish due diligence, "it must be shown that all reasonable means have been exhausted in an effort to locate interested parties." Ryken v. South Dakota, 305 N.W.2d 393, 395 (S.D. 1991) (citation omitted). "A diligent search is measured not by the quantity of the search but the quality of the search." In re D.F., 727 N.W.2d 481, 484 (S.D. 2007) (citation omitted). Substituted service by publication is valid only if there is a court order approving such service. See Spade v. Branum, 643 N.W.2d 765, 769–70 (S.D. 2002) (finding that service by publication was invalid due to the plaintiff's failure to procure a court order approving substituted service).

Service by publication must also comply with due process standards set forth in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314–15 (1950). "An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated . . . to apprise interested parties of the pendency of the action." Id. at 314. If service of process does not meet the Mullane standard, a court lacks jurisdiction over the defendant. Church v. Nelson,

4:19-CV-04193-KES, 2020 WL 4001241, at *3 (D.S.D. July 15, 2020) (citing <u>Printed Media Serv., Inc. v. Solna Web, Inc.</u>, 11 F. 3d 838, 843 (8th Cir. 1993)).

If service by publication is appropriate, SDCL § 15-9-17 addresses the specific requirements for a court order directing service by publication. Section 15-9-17 provides:

> . . . Except in actions affecting real property, the order must direct the publication to be made in some newspaper in the county where the action is pending to be designated as most likely to give notice to the person to be served and for such length of time as may be deemed reasonable, not less than once a week for four successive weeks.

SDCL § 15-9-17. After the notice has been published at least weekly for four successive weeks, the defendant's opportunity to respond would then "commence to run the day next following such last publication." SDCL § 15-9-21. This means that the defendant would have 21 days to respond after the last day of publication. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i).

The Cheyenne River Sioux Tribe also authorizes service by publication under similar circumstances. Rule 4(d)(7) of the Cheyenne River Sioux Tribe Rules of Procedure provides:

> service shall be made . . . [u]pon an individual or entity who, after diligent effort, cannot be personally served, service by publication can be made pursuant to an order of the court by publishing the contents of the summons and complaint in a newspaper published in the county of the individual or entity's last known address or residence . . . once a week for not less than four successive weeks.

As discussed above, this Court must apply the Federal Rules of Civil Procedure which in turn allows service of process in any manner authorized under South Dakota law. Even so, it is worth noting that the outcome would be the same in this case if this Court applied the Cheyenne River Sioux Tribal Rules of Procedure.

Service by publication is appropriate in this case. The United States Marshal Service has made diligent efforts to locate and serve Tricia Taylor. Doc. 33 at ¶¶ 2, 4. Yet they have been unable to locate her at her last known address or otherwise, and the Summons was returned

unserved. Doc. 33 at ¶¶ 2, 4, 6. Petitioners have properly submitted an affidavit to this effect. Doc. 33. Tricia Taylor's last known address was in Eagle Butte, South Dakota, and publication in a newspaper distributed in Dewey and Ziebach Counties, the two counties comprising the Cheyenne River Sioux Indian Reservation, makes sense and best satisfies Due Process concerns and SDCL Chapter 15-9. Doc. 33 at ¶ 5. Petitioners believe she is still living in that area. Doc. 32 at 4; Doc. 33 at ¶ 7. As such, this Court finds that serving Tricia Taylor by publication in the West River Eagle each week for four consecutive weeks is reasonably calculated to apprise her of notice of the pendency of the current action. It is hereby

ORDERED that Petitioners execute service of summons upon Respondent Tricia Taylor by publication in the West River Eagle once a week for four consecutive weeks in compliance with SDCL Chapter 15-9.

DATED this 4th day of March, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE